IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Glenn Matteer, | C/A No. 3:09-70079-JFA |
| | CR No. 3:07-155-JFA |
| Petitioner, | |
| v. | |
| | **ORDER** |
| United States of America, | |
| | |
| Respondent. | |

The petitioner, Glenn Matteer, has filed a motion pursuant to 28 U.S.C. § 2255. The government has responded and moved for summary judgment, contending the petitioner's claims of ineffective assistance of counsel are without merit. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court apprised the defendant of his right and obligation to respond to the motion for summary judgment. The defendant did not respond to the motion.

After studying the parties' positions as set out in their respective submissions, the court has determined that an evidentiary hearing is not necessary and that the § 2255 petition should be denied for the reasons set out in this order.

### BACKGROUND

Matter was charged in a Third Superseding Indictment with various drug conspiracy, drug trafficking, and firearms charges. He pled guilty on January 10, 2008 to Count 1 (conspiracy) pursuant to a written plea agreement wherein he waived his right to file a direct

1

appeal as well as his right to contest his conviction or sentence in any § 2255 proceeding.

At the guilty plea hearing held in compliance with proscribed procedures of Rule 11 of the Federal Rules of Criminal Procedure, the court reviewed with the defendant the offenses charged and questioned the defendant concerning his understanding of the proceedings. Defendant advised the court that he understood the implications of pleading guilty; that he was satisfied with his attorney; and that he had entered into the plea agreement knowingly and voluntarily.

The amended Presentence Investigation Report (PSR) noted that Matteer's prior criminal convictions resulted in an adjusted total of 10 criminal history points with a corresponding criminal history category of V.

At the sentencing hearing held July 17, 2008, the court heard arguments on the defendant's objections to the PSR. The defendant withdrew one objection and the court overruled the other objection regarding his conviction for disturbing schools. The court then found Matteer's offense level at 29 and his criminal history category at V which resulted in an advisory guideline range of 140 to 175 months. The court allowed an eight-month variance and sentenced the defendant to 132 months.

The present petition was filed on July 17, 2009 and is within the one-year time limitations set forth in 28 U.S.C. § 2255.

## GROUNDS FOR § 2255 PETITION

In his § 2255 petition, Matteer sets forth two grounds for ineffective assistance of trial counsel: (1) that counsel failed to convince the court that his criminal history points were calculated incorrectly; and (2) that counsel's earlier representation of another individual created a conflict of interest.

## STANDARD OF REVIEW

In order to prevail on an ineffective assistance claim, the defendant must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). He must first demonstrate that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-91. In examining the performance of counsel, there is a strong presumption that his conduct was within the wide range of reasonable professional assistance. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. *Strickland*, 466 U.S. at 688-89.

In addition to showing ineffective representation, the defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as

3

a matter of law." FED. R. CIV. P. 56(c). It is well-established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Because the petitioner/defendant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## DISCUSSION AND ANALYSIS

### GROUND I

In Ground 1, Matteer claims his counsel was ineffective for failing to prove that Matteer's criminal history category was overstated. Specifically, Matteer argues that three

of his prior convictions (strong arm robbery, burglary, and throwing bodily fluids) were not consolidated for sentencing and should have been treated as a single sentence when calculating the criminal history category.

The government contends that Matteer's prior sentences for strong arm robbery and for burglary/grand larceny were correctly treated as a single sentence since there was no intervening arrest and the state sentences were imposed on the same day. The government also notes that Matteer's sentence for throwing bodily fluids was properly treated as a separate, single conviction because it was separated by an intervening arrest; he had been arrested for both robberies and the burglary prior to committing the bodily fluids offense.

The court agrees with the government's reasoning that because Matteer failed to prove that his criminal history category was miscalculated, he cannot establish that his counsel was deficient or that he suffered prejudice as a result of counsel's actions. Accordingly, this ground is without merit.

## Ground II

Matteer claims that he received ineffective assistance of counsel as a result of his attorney's alleged conflict of interest. The defendant can provide no evidence in support of this allegation. Moreover, counsel has provided a sworn affidavit denying ever having represented or even knowing an individual named Darren Stroman.

The court agrees with the government that Matteer has failed to prove that counsel was actively representing conflicting interests and that this claim is wholly without merit.

5

## Conclusion

For the reasons contained herein, defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied, and the government's motion for summary judgment is granted.

IT IS SO ORDERED.

November 25, 2009  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge